UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE MEMORIAL UNITED METHODIST CHURCH,**     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 23-4129 |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,**     Defendant | SECTION: "E" (3) |

### ORDER AND REASONS

Before the Court is Defendant Church Mutual Insurance Company, S.I.'s ("Defendant") Omnibus Motion in Limine.[1] The motion is opposed by Plaintiff, Rayne Memorial United Methodist Church ("Plaintiff").[2] Defendant filed a reply.[3]

In this Hurricane Ida insurance coverage dispute, Plaintiff sued Defendant on August 24, 2023 for breach of contract as well as statutory penalties and attorneys' fees pursuant to La. R.S. 22:1892 and 22:1973.[4] On April 16, 2025, Defendant filed this omnibus motion in limine, arguing the Court should exclude evidence and testimony related to:

1. Reserve amounts, rough order of magnitude amounts, or changes in those amounts;

2. the policy limits of the policy issued by Defendant;

3. the "Golden Rule," "Conscience of the Community," and "Reptile Theory" arguments;

4. jury verdicts, judgments, and awards rendered in other cases;

5. consequential damages such as mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy and employees or its members;

---

[1] R. Doc. 52.
[2] R. Doc. 54.
[3] R. Doc. 55.
[4] R. Doc. 1.

6. awarding punitive damages to punish Defendant; and

7. the financial condition, net worth, wealth, overall profits, income, or assets of Defendant.[5]

## LEGAL STANDARD

"It is well settled that motions in limine are disfavored."[6] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[7] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[8] "Evidence which is not relevant is not admissible."[9] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[10] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[11]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[12] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[13] "When ruling on motions in

---

[5] R. Doc. 52.
[6] *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).
[7] *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[8] FED. R. EVID. 401 (emphasis added).
[9] FED. R. EVID. 402.
[10] FED. R. EVID. 403.
[11] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[12] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[13] *Auenson*, 1996 WL 457258, at *1.

limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[14] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context. A district court is given wide discretion to determine the relevance, prejudicial value, and admissibility of evidence under Rules 401, 402, and 403.[15]

## LAW AND ANALYSIS

1. **Evidence of Defendant's reserve amounts, rough order of magnitude amounts, and changes in those amounts is inadmissible because the potential for unfair prejudice outweighs any probative value this evidence may have and this evidence may mislead the jury.**

The first issue raised in Defendant's motion in limine is whether the Court should exclude evidence of Plaintiff's reserve amounts, rough order of magnitude amounts, and changes to those amounts.[16] Defendant argues this evidence is prejudicial and cites several orders from Louisiana state and federal courts in support of its position.[17] In opposition, Plaintiff argues evidence of Defendant's reserve and other related amounts is relevant and admissible because it is probative of whether Defendant handled Plaintiff's insurance claims in bad faith.[18]

Although evidence of Defendant's reserve and other related amounts may have some limited relevance to Plaintiff's bad faith arguments, any probative value of the evidence is outweighed by the risk of its prejudicial effect and the risk that the evidence may cause juror confusion. In *Couch v. QBE Specialty Insurance Co.*, another section of this court analyzed arguments nearly identical to those presented in this case.[19] The *Couch*

---

[14] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distribs., L.L.C.*, No. 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).
[15] *Huffman v. Turner Indus. Grp., L.L.C.*, No. 12-1061, 2013 WL 2351808, at *4 (E.D. La. May 23, 2013).
[16] R. Doc. 52-1 at pp. 3-6. A "rough order of magnitude amount" is not defined by the Defendant but is generally understood to be a quick, high level cost estimate.
[17] *Id.*
[18] R. Doc. 54 at pp. 2-5.
[19] No. 22-2674, 2024 WL 3066598 (E.D. La. June 20, 2024).

3

court began by explaining that "a reserve is a sum of money set aside—reserved—as a fund with which to mature or liquidate future claims."[20] Louisiana insurers "are statutorily required to set aside reserves to cover potential claims against the policies they sell."[21] Pursuant to La. R.S. 22:766,

> The loss reserves of every insurer shall be at least equal to the aggregate estimated amounts due or to become due on account of all losses or claims of which the insurer has received notice, including the estimated liability arising out of the occurrence of any event which may result in a loss and of which the insurer has received notice, and the estimated liability for all losses which have occurred but of which no notice has been received.

The *Couch* court held that "reserve information is relevant in cases involving bad faith penalty claims" because reserves "'are valuations made by the insurers themselves,' and can provide 'insight into the insurer's subjective assessment of the liability,'"[22] but the court held that, "regardless of the relevancy of reserve information, introduction of such evidence runs the risk of the jury [incorrectly] thinking it is a prediction or estimate of the overall liability of [the insurer for the plaintiff's] home."[23] Thus, the Court excluded evidence of the defendant insurer's reserves.[24]

Plaintiff wishes to use reserve "evidence to show that [Defendant]'s adjusters agreed with [Plaintiff]'s calculation of its damages or that [Defendant] refused to tender undisputed amounts despite increasing its reserves accordingly."[25] This Court adopts the *Couch* court's reasoning and excludes evidence concerning Defendant's reserve amounts,

---

[20] *Id.* at *2 (internal alterations and quotations omitted) (quoting *Pain Clinic, Inc. v. Bankers Ins. Co.*, No. 06-4572, 2007 WL 9780346, at *5 (E.D. La. Mar. 18, 2007)).
[21] *Id.*
[22] *Id.* at *3 (first citing *Meador v. Starr Indem. & Liab. Co.*, No. 19-2378, 2020 WL 8256370, at *3 (E.D. La. Sept. 1, 2020); then quoting *Pinnacle Med. Servs., Inc. v. Hanover Ins. Co.*, No. 06-8227, 2008 WL 11353743, at *3 (E.D. La. Feb. 28, 2008)).
[23] *Id.* (first citing *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.*, No. 97-1609, 1999 WL 539520, at *4 (E.D. La. July 23, 1999); then *Pain Clinic*, 2007 WL 9780346, at *5); *see also Gaspard v. S. Farm Bureau Cas. Ins. Co.*, 2013-0800, p. 5-6 (La. App. 1 Cir. 9/24/14) (finding reserve information irrelevant to the plaintiff's claim for penalties and attorneys' fees), 155 So. 3d 24, 31.
[24] *Couch*, 2024 WL 3066598, at *3.
[25] R. Doc. 54 at p. 4.

4

rough order of magnitude amounts, and changes to those amounts because the risk of prejudice to the Defendant and confusion of the jury outweighs any probative value this evidence might have. "[T]his Court does not equate 'reserve' with 'undisputed amount.'"[26] "The reasonableness of [an insurer's] tender is not gauged by simply comparing it with its reserves, but is determined on a consideration of the facts known to the insurer prior to trial and whether reasonable minds could not differ on the amount that is due in light of those facts."[27] The Court will exclude evidence of Defendant's reserve amounts, rough order of magnitude amounts, and changes in these amounts.

### 2. Evidence of insurance policy limits is inadmissible because it is unduly prejudicial and is of limited probative value.

Second, Defendant argues the Court should exclude evidence of Defendant's insurance policy limits.[28] Defendant argues this evidence is irrelevant,[29] but even if the policy limits have some relevance, Defendant argues evidence of the limits poses a risk of unfair prejudice and causing juror confusion.[30] In opposition, Plaintiff argues Defendant's policy limits are relevant to Defendant's affirmative defenses.[31] For example, one of Defendant's affirmative defenses is that "[a]ny liability of [Defendant] in this matter, which is expressly denied, is limited by the terms, conditions, exclusions, limitations, endorsement and provisions."[32] The Court finds that any limited probative value of the policy limits is outweighed by a danger of unfair prejudice to Defendant.

---

[26] *Culbertson's Ltd.*, 1999 WL 539520, at *4 (citing *Molony v. USAA Prop. & Cas. Ins. Co.*, 97-1836, p. 13 (La. App. 4 Cir. 3/4/98), 708 So. 2d 1220, 1226).
[27] *Molony*, 708 So. 2d at 1226; *see also Congregation Gates of Prayer v. Church Mut. Ins. Co., S.I.*, No. 22-3265, R. Doc. 56 at pp. 3-6 (E.D. La. Mar. 25, 2025); *Sw. La. Convention & Visitors Bureau v. Emps. Mut. Cas. Co.*, No. 06-2006, 2009 WL 1787680, at *5 (W.D. La. June 22, 2009) ("[T]he court feels strongly that [reserve evidence] should not be admissible against a company in a suit to determine the amount of actual loss, any more than a plaintiff's offer to settle a case for an amount significantly less than the amount they argue for during the trial.").
[28] R. Doc. 52-1 at pp. 6-7.
[29] *Id.* at p. 6.
[30] *Id.* at pp. 6-7.
[31] R. Doc. 54 at p. 6.
[32] R. Doc. 14 at p. 7.

5

Evidence of the Defendant's policy limits will be excluded.

3. **The Court will permit Plaintiff to make "Golden Rule" arguments on the reasonableness of the parties' actions relating to liability and will defer ruling on the admissibility of "Reptile Theory" arguments. The Court will exclude "Golden Rule" arguments regarding damages and "Consciousness of the Community" arguments.**

Third, Defendant requests that the court exclude any "Golden Rule," "Conscience of the Community," or "Reptile Theory" arguments relating to damages.[33] Although the Defendant captions this section of the motion as a motion to limit this evidence only with respect to *damages*, in the body of the motion Defendant argues for the exclusion of all "Golden Rule" argument at trial.[34] The Plaintiff acknowledges it may not use a "Golden Rule" argument in relation to damages but wishes to preserve its right to use this argument in establishing Defendant's liability for breach of contract and bad faith.[35]

The Defendant incorrectly argues that the United States Court of Appeals for the Fifth Circuit has expressly forbidden all "Golden Rule" arguments at trial.[36] The Fifth Circuit has "forbidden plaintiff's counsel to expressly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them."[37] Nevertheless, the Fifth Circuit has held use of the "Golden Rule" argument is "improper only in relation to damages," not "when urged on the issue of ultimate liability."[38] In *Stokes v. Delcambre*, the Fifth Circuit permitted the use of Golden Rule arguments when requesting the jury "to put themselves in [the plaintiff's] place to determine whether his fears and resultant failure to request help were reasonable."[39] As a result, "Golden Rule" arguments are permissible when used to determine the reasonableness of the parties'

---

[33] R. Doc 52-1 at p. 7.
[34] *Id.*
[35] R. Doc. 54 at pp. 7-8.
[36] R. Doc. 52-1 at p. 7.
[37] *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983).
[38] *Id.*; *Adams v. Popeyes La. Kitchen, Inc.*, No. 20-730, 2021 WL 2221565, at *2 (E.D. La. June 2, 2021).
[39] 710 F.2d at 1128.

6

actions, not to arouse sympathy or ask the jury how they would personally wish to be compensated if in the shoes of the plaintiff.[40] The Plaintiff acknowledges it may employ the "Golden Rule" argument only to establish Defendant's liability for breach of contract and bad faith.[41] Accordingly, the defendant's motion is denied in part; the Plaintiff will be allowed to use the "Golden Rule" argument to establish the reasonableness of the parties' actions given the facts and evidence presented to the jury. The motion is granted in part; the Plaintiff will not be allowed to use the "Golden Rule" argument in relation to damages.

Defendant further seeks to exclude "Conscience of the Community" arguments.[42] While a party may appeal to the jury's sense of community, the Fifth Circuit has found it improper to appeal to the community's prejudice through arguments on the "parties' relative popular appeal, identities, or geographic locations" to the outsider defendant.[43] Such "us-against-them" pleas are "an improper distraction from the jury's sworn duty to reach a fair, honest, and just verdict" based on the facts and evidence of the case.[44] Further, this limitation extends "to all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation."[45] Courts have found that whatever relevance might arise from such arguments, it is outweighed by the "potential of substantial injustice when invoked against outsiders," such as Defendant.[46] This Court agrees. Accordingly, the motion is granted and Plaintiff is prohibited from arguments emphasizing the jury's role as the conscience of the community or Defendant's status as an outsider.

---

[40] *Id.*; *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976); *Rivera v. Robinson*, 464 F. Supp. 3d 847, 851 (E.D. La. 2020).
[41] R. Doc. 54 at p. 7.
[42] R. Doc. 52-1 at p. 7.
[43] *Guar. Serv. Corp. v. Am. Emps.' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990).
[44] *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985).
[45] *Id.* at 1239.
[46] *Id.*; *Adams*, 2021 WL 2221565, at *2; *First Pentecostal Church of Starks La. v. Church Mut. Ins. Co.*, No. 21-02039, 2022 WL 20699268, at *2 (W.D. La. Aug. 26, 2022).

With respect to Defendant's "Reptile Theory" arguments,[47] the Court finds the Defendant does not provide the Court with specific examples of testimony it seeks to exclude. Instead, the motion seeks to exclude "amorphous and ill-defined concepts rather than specific evidence" of what language, phrases, or evidence the Court should deem improper.[48] The Defendant references only the general idea that prejudicial tactics or arguments may be used by Plaintiff's counsel without any particularity as to what evidence it seeks to preclude.[49] Accordingly, this portion of the motion is deferred until trial.

### 4. Evidence of jury verdicts, judgments, and awards rendered in other cases is inadmissible because this evidence is irrelevant to this case.

Fourth, Defendant moves to exclude evidence of jury awards, judgments, or verdicts against it in other cases because this evidence is irrelevant.[50] In opposition, Plaintiff argues evidence of jury awards, judgments, or verdicts against Defendant in other cases is admissible under Federal Rule of Evidence 404(b)(2) to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[51] The Court finds that evidence of prior jury awards, judgments, or verdicts against the Defendant are irrelevant and will exclude this evidence.[52]

---

[47] R. Doc. 52-1 at p. 7.
[48] *Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017); *Adams,* 2021 WL 2221565, at *2.
[49] R. Doc 52-1, at p. 7.
[50] *Id.* at pp. 7-8.
[51] R. Doc. 54 at pp. 8-9.
[52] *In re Chinese Drywall Prods. Liab. Litig.*, No. 09-2047, 2023 WL 2574110, at *3 (E.D. La. Mar. 20, 2023) (citing *McDuffie v. Hillstone Restaurant Grp.*, 2017 WL 11540064, at *3 (E.D. La. July 7, 2017)) ("Courts frequently exclude evidence of prior lawsuits involving one party to a suit as 'substantially more prejudicial than probative' and therefore inadmissible under Federal Rule of Evidence 403."); *Morning Star Baptist Church of Vinton La. v. Church Mut. Ins. Co.*, No. 2:22-01196, 2023 WL 6537317, at *2 (W.D. La. Sept. 12, 2023) (excluding evidence of jury verdicts and awards rendered in other cases).

> 5. **The Court will exclude evidence of consequential damages, such as evidence related to mental anguish, loss of enjoyment, and inconvenience because these damages are not available to a corporation and Plaintiff does not oppose the exclusion of this evidence.**

Fifth, Defendant moves the Court to exclude evidence of consequential damages because Plaintiff is a corporation that cannot experience human emotions. Plaintiff does not oppose this portion of Defendant's motion. The Court will exclude evidence of consequential damages.

6. and 7. **Any reference to awarding punitive damages as a punishment to Defendant and any evidence or reference to Defendant's finances or financial condition is inadmissible as irrelevant.**

Sixth, Defendant moves the Court to exclude any reference to an award of punitive damages as a punishment.[53] Plaintiff opposes the motion citing Mississippi and Florida cases.[54] This diversity action is determined under Louisiana law.[55] Under Louisiana law, the amounts that may be awarded in addition to actual damages in insurance cases are referred to as penalties rather than punitive damages.[56] The Plaintiff will not be allowed to argue that the jury should award punitive damages to punish the Defendant.

Defendant also seeks to exclude evidence regarding its financial condition, net worth wealth, overall profit, and income.[57] "Under federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded."[58] This is because one of the fundamental

---

[53] R. Doc. 52-1 at p. 8.
[54] *Williams v. Delta Bus Lines, Inc.*, No. 22-87, 2024 WL 586828, at *10 (N.D. Miss. Feb. 13, 2024); *Soliday v. 7-Eleven, Inc.*, No. 09-807, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011).
[55] R. Doc. 54 at pp. 9-10.
[56] La. R.S. 22:1892; La. R.S. 22:1973.
[57] R. Doc. 52-1 at p. 9.
[58] *Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, No. 18-8177, 2020 WL 4875569, at *1 (E.D. La. Jan. 17, 2020) (first quoting *United States v. Big D Enters., Inc.*, 184 F.3d 924, 932 (8th Cir. 1999); then citing *Jackson v. Wilson Welding Serv., Inc.*, No. 10-2843, 2011 WL 5024360, at *2 (E.D. La. Oct. 20, 2011)).

purposes of punitive damages is to deter further wrongful conduct and understanding a defendant's financial position is meaningful to effectuating this purpose.[59]

Pursuant to La. R.S. 22:1892, "failure to make [a] payment within thirty days after receipt of . . . satisfactory written proofs and demand therefor . . . when such failure is found to be arbitrary, capricious, or without probable cause" triggers a statutory penalty.[60] La. R.S. 22:1973A. states that "An insurer owes to his insured a duty of good faith and fair dealing."[61] An insurer breaches this duty when it fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."[62] Plaintiff alleges that Defendant "arbitrarily and capriciously fail[ed] to timely and fully pay [Plaintiff's] claim without a reasonable basis to do so, after receiving sufficient proof of [Plaintiff]'s loss."[63] Plaintiff alleges it submitted satisfactory proof of loss on September 11, 2021.[64] The applicable version of La. R.S. 22:1973 is the version in effect sixty days after September 11, 2021 and the applicable version of La. R.S. 22:1982 is the version in effect thirty days after September 11, 2021.[65]

In this case, under Louisiana law, "if the jury makes the factual finding that an insurer has acted in bad faith, 'it is the role of the judge to apply the law as set forth in [La. R.S. 22:1973 and 22:1892] to determine the amount of the penalty that would be

---

[59] *Id.* (quoting *Woods-Drake v. Lundy*, 667 F.2d 1198, 1203 n.9 (5th Cir. 1982) ("The Fifth Circuit . . . has acknowledged that 'net worth' can be 'an important factor for the jury to consider in determining an amount of punitive damages.'")).
[60] La. R.S. 22:1892B.(1)(a) (2021) (amended 2022, 2022, 2023, & 2024).
[61] La. R.S. 22:1973A., *repealed by*, Acts 2024, No. 3, § 2, eff. July 1, 2024.
[62] *Id.* at B.(5).
[63] R. Doc. 1 at ¶ 21.
[64] *Id.* at ¶¶ 12, 21.
[65] *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 679 n.4 (5th Cir. 2011) (interpreting *Sher v. Lafayette Ins. Co.*, 2007-2441, p. 14-15 (La. 4/8/08), 988 So. 2d 186, 199 as "holding that the version of the law that applied when the claim first arose is applicable").

assessed under that statute.'"[66] La. R.S. 22:1982 as amended in 2021 is applicable in this case and contains the formula for calculating penalties as:

> fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.[67]

La. R.S. 22:1973 as amended in 2012 is applicable in this case and also provides a formula for calculating statutory penalties in the case of an insurer's breach of its statutory duties: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."[68]

Both statutes include a penalty calculated by the court rather than the jury according to a mathematical formula. As a result, the Defendant's financial condition, net worth wealth, overall profit, and income have no relevance to the Court's calculation of statutory penalties. Defendant's motion in limine is granted as to evidence regarding Defendant's finances or financial condition.[69]

---

[66] *O'Connor v. Allied Tr. Ins. Co.*, No. 23-218, 2024 WL 728295, at *2 (E.D. La. Feb. 22, 2024) (quoting *Audubon Orthopedic & Sports Med., APMC v. Lafayette Ins. Co.*, 2009-0007, p. 11-14 (La. App. 4 Cir. 4/21/10), 38 So. 3d 963, 973).
[67] La. R.S. 22:1892B.(1)(a) (2021) (amended 2022, 2022, 2023, & 2024).
[68] La. R.S. 22:1973C., *repealed by*, Acts 2024, No. 3, § 2, eff. July 1, 2024.
[69] The Court notes that Plaintiff's claim for penalties stems from its "bad faith" claims under La. R.S. 22:1973 and 22:1982. R. Doc. 1 at ¶¶ 20-22; R. Doc. 54 at pp. 10-11. Plaintiff may not recover damages for the same conduct by Defendant under both La. R.S. 22:1892 and La. R.S. 22:1973. *Calogero v. Safeway Ins. Co.*, 99-1625, p. 7 (La. 1/19/00), 753 So. 2d 170, 174; *Katie Realty, Ltd. v. La. Citizens Prop. Ins. Corp.*, 2012-0588, p. 8-9 (La. 10/16/12), 100 So. 3d 324, 330; *Mason v. Shelter Mut. Ins. Co.*, 2016-135, p. 20-22 (La. App. 3 Cir. 12/28/16), 209 So. 3d 860, 873-74. "[W]hen statutes prescribe penalties for the same misconduct, the statute with the greater penalty supersedes the other." *Katie Realty*, 100 So. 3d at 330 (citing *Calogero*, 753 So. 2d at 174). Moreover, if one statute provides a greater penalty with no award of attorneys' fees and the other statute does award attorneys' fees, the plaintiff may recover the greater penalty plus attorneys' fees. *Calogero*, 753 So. 2d at 174 ("[B]ecause La. R.S. 22:[1793] does not provide for attorney fees, [the plaintiff] is entitled to recover attorney fees under La. R.S. 22:[1892] for [the defendant's] arbitrary and capricious failure to pay his claim within 30 days of receiving satisfactory proof of loss.").

## **CONCLUSION**

**IT IS ORDERED** that Defendant's Omnibus Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

The Court excludes the following evidence/arguments:

1. Evidence of Defendant's Reserve amounts, rough order of magnitude amounts, or changes in those amounts

2. Evidence of the policy limits of the policy issued by Defendant

3. Use of the "Golden Rule" argument in relation to damages

4. Arguments emphasizing the jury's role as the conscience of the community or Defendant's status as an outsider

5. Evidence of jury verdicts, judgments, and awards rendered against Defendant in other cases

6. Evidence of consequential damages such as mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy and employees or its members

7. Reference to an award of punitive damages as being a punishment to Defendant

8. Evidence of the financial condition, net worth, wealth, overall profits, income, or assets of Defendant

Defendant's motion is denied as to its request to exclude the following evidence:

1. Plaintiff will be allowed to use "Golden Rule" argument to argue the reasonableness of the parties' actions given the facts and evidence presented to the jury

2. The Court defers ruling on the admissibility of Plaintiff's "Reptile Theory" arguments until trial

**New Orleans, Louisiana, this 29th day of May, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**