UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE MEMORIAL UNITED METHODIST CHURCH,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4129** |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,**  Defendant | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Defendant, Church Mutual Insurance Company, S.I. ("Defendant"), which filed a Motion to Exclude Testimony of Plaintiff's Experts, Louis and/or Lance Relle and Marcel Fournet.[1] The motion is opposed by Plaintiff, Rayne Memorial United Methodist Church ("Plaintiff").[2] Defendant filed a reply.[3]

Also before the Court is Plaintiff's motion to exclude or limit the testimony of Defendant's expert, Robert Spengler.[4] Defendant filed an opposition.[5] Plaintiff filed a reply.[6]

## BACKGROUND

This matter arises out of a Hurricane Ida insurance coverage dispute. Plaintiff sued Defendant on August 24, 2023 for breach of contract as well as statutory penalties and attorneys' fees pursuant to La. R.S. 22:1892 and 22:1973.[7] Plaintiff alleges that, after the storm, Defendant's first adjuster, Amy Tomb, inspected the property and prepared a "severely underscoped" estimate, "miss[ing] much of the most heavily damaged portions

---

[1] R. Doc. 59.
[2] R. Doc. 77.
[3] R. Doc. 86.
[4] R. Doc. 62.
[5] R. Doc. 74.
[6] R. Doc. 84.
[7] R. Doc. 1.

1

of the Properties."[8]

Plaintiff retained Louis Relle ("Relle"),[9] a construction expert, and Marcel Fournet ("Fournet"), an architect, "to assist in identifying hurricane damage and ensuring Church Mutual properly valued the true scope and cost of repairs."[10] After Plaintiff's counsel contacted Defendant to request a reinspection,[11] Defendant retained Robert Spengler ("Spengler") as a building consultant to reinspect the church property and provide a new scope and cost estimate.[12]

Defendant seeks to exclude the testimony of Plaintiff's construction expert, Relle, and architectural expert, Fournet.[13] First, Defendant argues the Court should exclude the expert testimony of Relle and Fournet because their reports do not meet the requirements of Rule 26.[14] Second, Defendant argues the Relle and Fournet reports are unreliable, irrelevant, and will confuse the issues for the jury because Relle "use[d] the incorrect price lists to value the damages" pursuant to the policy language on valuation.[15] Accordingly, Defendant argues that "[i]n relying on Relle's estimates, which are irrelevant, Fournet's report has rendered itself irrelevant."[16]

Plaintiff seeks to limit the testimony of Spengler, arguing his cost estimates based on "pre-hurricane pricing data will not assist the jury and should be excluded."[17]

---

[8] R. Doc. 1, p. 3.
[9] Assisted by his son Lance Relle.
[10] R. Doc. 77, p. 6. Plaintiff represents that Relle and Fournet inspected the properties on "at least ten separate occasions." *Id.*
[11] R. Doc. 62-5.
[12] R. Doc. 62-6.
[13] R. DOC. 59.
[14] R. Doc. 59-1, pp. 2-3, 5-8.
[15] *Id.* at p. 3.
[16] *Id.* at p. 8.
[17] R. Doc. 62-1, p. 9.

## **LEGAL STANDARD**

"It is well settled that motions in limine are disfavored."[18] "[T]he purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' mind.'"[19] "Evidence is relevant" if "it has *any* tendency to make a fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence."[20] "Evidence which is not relevant is not admissible."[21] The Court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[22] "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[23]

"An order in limine excludes only clearly inadmissible evidence; therefore evidence should not be excluded before trial unless it is clearly inadmissible on *all* potential grounds."[24] Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context."[25] "When ruling on motions in limine, the Court 'maintains great discretion [as to] evidentiary determinations.'"[26] If the evidence is not clearly inadmissible on all grounds, it is better for the court to decline to rule in advance of trial so that it will have the opportunity to resolve issues in context. A

---

[18] *Auenson v. Lewis*, No. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).
[19] *MGMTL, LLC v. Strategic Tech.*, No. 20-2138, 2022 WL 594894, at *2 (E.D. La. Feb. 28, 2022).
[20] FED. R. EVID. 401 (emphasis added).
[21] FED. R. EVID. 402.
[22] FED. R. EVID. 403.
[23] *Old Chief v. United States*, 519 U.S. 172, 180 (1997).
[24] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1)).
[25] *Auenson*, 1996 WL 457258, at *1.
[26] *Jackson v. State Farm Fire & Cas. Co.*, 656 F. Supp. 3d 676 (W.D. La. 2023) (quoting *Parker v. John W. Stone Oil Distributors, L.L.C.*, No. 18-3666, 2019 WL 5212285, at *2 (E.D. La. Oct. 16, 2019)).

district court is given wide discretion to determine the relevance, prejudicial value, and admissibility of evidence under Rules 401, 402, and 403.[27]

## LAW AND ANALYSIS

Both parties seek to restrict the other party's experts from using various price lists from various dates. Defendant argues the Fifth Circuit has held that, when policy language is not ambiguous, the "method for determining the cost . . . of repair[s] or replacement is clearly spelled out in the valuation provision," which provides for valuation at the date of loss.[28] As a result, Defendant argues the relevant price lists for experts to use are those from the date of loss in August 2021.[29] Plaintiff argues August 2021 price lists "are premised on July 2021 market data," rendering them irrelevant as to the calculation of actual cash value, which takes "into account the replacement costs within a *reasonable time* after the accident."[30]

Both motions are denied. Motions in limine are disfavored, and an "order in limine excludes only clearly inadmissible evidence."[31] The Court finds that the price lists used by the experts from various months have relevance to the amount owed under the policy.[32] Any purported weaknesses in each expert's methodology for calculating his price estimates based on the date of the price list used may be addressed on cross-examination at trial.[33]

---

[27] *Huffman v. Turner Indus. Grp., L.L.C.*, No. 12-1061, 2013 WL 2351808, at *4 (E.D. La. May 23, 2013).
[28] R. Doc. 59-1, pp. 3-4. *See First Baptist Church of Iowa v. Church Mut. Ins. Co., S.I.*, 105 F.4th 775 (5th Cir. 2024).
[29] R. Doc. 59-1, p. 4.
[30] R. Doc. 62-1, p. 8, 10 (citing *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 520 (5th Cir. 2010)).
[31] *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020).
[32] The Court rejects Defendant's representation that *Church of Iowa*, 105 F.4th 775, requires this Court "to exclude all evidence, testimony, or any other reference of or to the Relle estimates since they do not adhere to the requirements [of valuation at the date of loss under] the Policy." R. Doc. 59-1, p. 4.
[33] The Court rejects Defendant's additional arguments pertaining to Relle and Fournet. *See Conner v. USAA Gen. Indem. Co.*, No. 2:21-CV-03613, 2023 WL 2062829, at *3 (W.D. La. Feb. 16, 2023) (denying a motion in limine and finding that an expert's report, containing Xactimate estimates, sufficient under Rule 26); *see also First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 425 (5th Cir. 2024) (affirming district court's denial of a motion in limine to exclude an expert who was asked "to do an adjusting report

**CONCLUSION**

**IT IS ORDERED** that the Motions[34] are **DENIED**.

**New Orleans, Louisiana, this 29th day of May, 2025.**

                                                **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

and give an opinion" after meeting with involved persons, inspecting the property, consulting with an engineer, and creating an Xactimate estimate, a software that the expert testified was "industry standard"). Additionally, the Court finds Plaintiff's explanation for the supplemental disclosure is substantially justified and/or harmless under Rules 26 and 37(c)(1). Defendant had adequate and timely notice of the bases of Relle's opinions underlying his recalculated damages estimates and had the opportunity to depose Relle on his supplemental estimates such that there is no unfair surprise.

[34] R. Doc. 59; R. Doc. 62.