UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYNE MEMORIAL UNITED METHODIST CHURCH,**     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4129** |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,**     **Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff, Rayne Memorial United Methodist Church ("Plaintiff"), which filed a Motion to Partially Exclude the Opinions of defense expert Shawn Cusimano ("Cusimano").[1] Defendant, Church Mutual Insurance Company, S.I. ("Defendant"), filed an opposition.[2] Plaintiff filed a reply.[3]

Also before the Court is Defendant's Motion in Limine to exclude testimony and evidence relating to Cusimano's bankruptcy or any pending allegations against him.[4] Plaintiff filed an opposition.[5] Defendant filed a reply.[6]

This matter arises out of a Hurricane Ida insurance coverage dispute. Plaintiff sued Defendant for breach of contract as well as statutory penalties and attorneys' fees pursuant to La. R.S. 22:1892 and 22:1973.[7] Plaintiff alleges that, after the storm, Defendant inadequately inspected the property and prepared a "severely underscoped" estimate, "miss[ing] much of the most heavily damaged portions of the Properties."[8]

---

[1] R. Doc. 63.
[2] R. Doc. 76.
[3] R. Doc. 83.
[4] R. Doc. 65.
[5] R. Doc. 73.
[6] R. Doc. 85.
[7] R. Doc. 1.
[8] *Id.* at p. 3.

1

Defendant retained Cusimano "to provide expert testimony regarding his analysis of the Plaintiff's alleged claim of damages from Hurricane Ida."[9] Cusimano refers to himself as an expert in "forensic adjusting."[10]

Plaintiff seeks to partially exclude the testimony of Cusimano on three grounds. First, Plaintiff argues that Cusimano improperly "attempts to invoke and explain insurance policy provisions" and how they apply in this case throughout his report, which testimony is outside the scope of his expertise and is a question of law for the Court.[11] Second, Plaintiff argues Cusimano unreliably extrapolated a "20% across-the-board deduction" based on *one* building's paint estimate to represent the amount of preexisting damage for *all* properties.[12] Third, Plaintiff argues Cusimano—who is not an expert in church organs—impermissibly opines "that repairs made to Rayne's organ may not have been caused by Hurricane Ida and amounted to an $80,000 'upgrade.'"[13]

Defendant argues that Cusimano "was not tasked to interpret and apply the Policy;" rather, he reviewed and summarized documents to opine on the conditions of the property before and after the storm.[14] Second, Defendant argues Cusimano "based his calculations on documents produced through the discovery process including Plaintiff's own estimates and reports" to arrive at his 20% pre-existing damages figure.[15] Third, Defendant argues that Cusimano "conducted thorough research" and reviewed all relevant documents on the organ pricing prior to forming his opinion.[16]

---

[9] R. Doc. 46, p. 2.
[10] R. Doc. 63-2, pp. 2-3. Cusimano explains he goes "through and tr[ies] to figure out if something has been underpaid or overpaid from an independent perspective, looking through all of the documentation that has been submitted on the file, from either side." *Id.* at p. 3.
[11] R. Doc. 63, p. 1.
[12] *Id.*
[13] *Id.* at p. 2.
[14] R. Doc. 76, p. 2. Defendant acknowledges Mr. Cusimano committed "an oversight" in copying and pasting policy language into his report to include liability coverage provisions that are inapplicable to the coverage at issue in this case. *Id.* at pp. 1-2.
[15] *Id.* at pp. 2-4.
[16] *Id.* at p. 4.

The Court held a status conference in this matter on May 23, 2024.[17] During the conference, the parties discussed the Plaintiff's motion.[18] Defendant represented to the Court that, at trial, it will not elicit testimony[19] from Cusimano as to his interpretation of the policy language and whether payment is owed under the policy. Defendant further represented Cusimano will not base his testimony regarding his 20% figure for preexisting damages to church property solely on the painter's estimate, nor will he testify as an expert on organs and/or organ repair pricing or express an opinion that the repair to the ICS-4000 is an upgrade.

Cusimano will be permitted to testify at trial, but only in accordance with the representations made to the Court at the status conference.

Additionally, Plaintiff will not be allowed to inquire into Cusimano's bankruptcy or the allegations asserted in a lawsuit filed by his former employer against him. These topics are not relevant to the issues in this case,[20] and the bases of the allegations made in an unrelated lawsuit are unknown.[21] Examination about these topics would result in a mini-trial to determine the veracity of the allegations. The questioning would distract the jury from the issues in this case and waste time. Any probative value of the evidence is substantially outweighed by unfair prejudice.[22] Courts should "exercise reasonable control" over the questioning of witnesses in order to aid in the "ascertainment of truth," avoid "needless consumption of time," and "protect witnesses from harassment or undue

---

[17] R. Doc. 82.
[18] *Id.*
[19] Defendant represented it may not call Cusimano at trial at all.
[20] FED. R. EVID. 401.
[21] *See, e.g., Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 06-4262, 2009 WL 2408410, at *3 (E.D. La. July 29, 2009) (Vance, J.) (excluding evidence of prior complaints made against an insurance adjuster *in limine*) ("[I]t is highly likely that this evidence will create a sideshow that will detract from the real issues in this trial . . . . [t]he context and contents of these complaints is not currently known. No party will benefit from a mini-trial to determine the legitimacy and foundation of these complaints.").
[22] FED. R. EVID. 403.

embarrassment."[23] Plaintiff will be allowed to examine Cusimano about his compensation and the composition of his client base to show bias.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Limit the Testimony of Shawn Cusimano[24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to exclude evidence and testimony of Cusimano's bankruptcy or any pending allegations against him[25] is **GRANTED**.

**New Orleans, Louisiana, this 29th day of May, 2025.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] FED. R. EVID. 611.
[24] R. Doc. 63.
[25] R. Doc. 65.