**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RAYNE MEMORIAL UNITED METHODIST CHURCH,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4129** |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,** **Defendant** | **SECTION: "E" (3)** |

**ORDER AND REASONS**

Before the Court is a Motion for Attorneys' Fees and Costs filed by Plaintiff Rayne Memorial United Methodist Church.[1]

This matter arises from a Hurricane Ida insurance coverage dispute. Plaintiff sued Defendant on August 24, 2023 for breach of contract, as well as for statutory penalties and attorneys' fees pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.[2] Plaintiff alleged Defendant issued an insurance policy to cover Plaintiff's property on St. Charles Avenue in New Orleans, Louisiana, and on August 29, 2021, Hurricane Ida struck Southeast Louisiana, damaging several buildings in Plaintiff's church complex.[3] A four-day trial was held from February 2 to February 5, 2026.[4] The trial, and requisite attorney involvement, was extensive and complex. At the end of trial, the jury found in favor of Plaintiff.[5]

Plaintiff filed a Motion to Fix Attorneys' Fees and Costs on March 9, 2026.[6] The Court referred Plaintiff's motion to the assigned Magistrate Judge.[7] On June 16, 2026, the

[1] R. Doc. 176.
[2] R. Doc. 1.
[3] *Id.* at ¶¶ 6-9.
[4] R. Docs. 160, 162, 165, 166.
[5] R. Doc. 169.
[6] R. Doc. 176.
[7] R. Doc. 178.

Magistrate Judge issued a Report and Recommendation, recommending the Court grant Plaintiff's motion and award Plaintiff $563,002.10 in attorneys' fees and $341,489.41 in costs, the entire amount Plaintiff sought.[8]

The Court adopted the Magistrate Judge's Report and Recommendation in part and declined to adopt it in part.[9] The Court sustained Defendant's objection regarding the reasonableness of the hourly rates charged by three attorneys.[10] The Court ordered a decrease in rates to be calculated for those three attorneys and also a 5% reduction to Plaintiff's attorneys' fees award for failing to carry its burden of demonstrating that counsel exercised billing judgment.[11] The Court found that Plaintiff's counsel did not provide sufficient evidence detailing the hours they wrote off or the non-billed work of paralegals.[12] The Court adopted the portion of the Magistrate Judge's Report and Recommendation declining to reduce Plaintiff's attorneys' fees for use of block billing.[13] The Court sustained Defendant's objection to the award of costs under La. R.S. 22:1892 and ordered that Plaintiff be awarded costs under federal law instead.[14] To this end, the Court ordered Plaintiff to submit a supplemental memorandum detailing the attorneys' fees and costs to be awarded in light of the Court's order.[15]

Plaintiff filed a supplemental memorandum on August 19, 2026.[16] In the supplemental memorandum, Plaintiff recalculated the attorneys' fees using the rates the Court ordered and applying a 5% reduction, and recalculated the costs recoverable under

---

[8] R. Doc. 203 at p. 31.
[9] R. Doc. 216.
[10] *Id.* at pp. 7-19.
[11] *Id.* at pp. 14, 19.
[12] *Id.* at p. 19.
[13] *Id.* at p. 19-20.
[14] *Id.* at pp. 20-34. The Plaintiff filed a motion for reconsideration (R. Doc. 219) of this ruling, which the Court denied. R. Doc. 224.
[15] *Id.* at p. 35.
[16] R. Doc. 217.

federal law, 28 U.S.C. 1920.[17] Plaintiff arrived at a calculation of $509,801 in attorneys' fees under La. R.S. § 22:1892[18] and $47,402.68 in costs recoverable under 28 U.S.C. § 1920. The costs include $1,655 for filing fees and service of process; $24,039.28 in deposition costs, including both video and written transcripts; $5,155.35 in printing costs for both court-ordered bench books and documents printed at counsel's office; $311.86 for witness fees; $4,400 to provide the video deposition of Church Mutual's 30(b)(6) witness for display to the jury; and $11,841.19 for the cost of a trial technician.[19]

Defendant filed a response to the supplemental memorandum, agreeing with the Plaintiff's recalculation of attorneys' fees but objecting to the calculation of two categories of costs Plaintiff seeks.[20] Defendant first argues the majority of deposition costs Plaintiff seeks are not taxable under 28 U.S.C. § 1920. Defendant argues a deposition must be "necessarily obtained," or reasonably expected to be used for trial or trial preparation, in order for its cost to be taxable.[21] Defendant further argues Plaintiff has the burden of proving the necessity of the depositions for which Plaintiff seeks to recover costs.[22] Defendant acknowledges that one of the depositions, the one for CMIC's corporate representative Richard Hammond-Moore, was introduced at trial and Defendant does not object to the $2,930.45 cost for that deposition.[23] Defendant challenges the remaining $21,108.83 in deposition costs, arguing Plaintiff has offered an inadequate explanation as

---

[17] *Id.*
[18] *Id.* at p. 3. Plaintiff also asserts this amount is subject to a future increase to account for any fees Plaintiff incurs in connection with Defendant's appeal.
[19] *Id.* at pp. 4-7, 9, 11.
[20] R. Doc. 218.
[21] *Id.* at p. 1 (citing *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015)).
[22] *Id.* at pp. 1-2. (citing *Clouse v. S. Methodist Univ.*, 170 F.4th 367, 373 (5th Cir. 2026)).
[23] *Id.* at pp. 2-4.

to why the underlying depositions were necessary for trial and thus fails to meet its burden.[24]

Defendant also challenges the $11,841.19 in costs for Plaintiff's use of a trial technician.[25] Defendant notes that Plaintiff cited several courts in the Fifth Circuit that have granted costs for trial technicians but argues those cases differ factually from the case at hand.[26] For example, Defendant notes the award of technician costs in *Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.*,[27] cited by Plaintiff, but points out the court in that case authorized the use of video and trial support in its pretrial order, unlike the pretrial order in this case.[28] Defendant further argues that *Contogouris v. WestPac Res., LLC*,[29] also cited by Plaintiff, diverges factually from the case before this Court because the *Contougouris* court noted that the trial technician saved $15,000 in costs by avoiding the costs of preparing bench books for the jury, whereas the Plaintiff in the case before this Court has not argued that its trial technician saved any costs.[30] Lastly, Defendant argues that in *Crane v. Rave Rest. Grp., Inc.*, cited affirmatively by Plaintiff, the court found the technician was employed to edit deposition clips for a witness that had repeatedly been evasive and the video was used multiple times for impeachment.[31] The court thus found the costs of the technician were "anticipated, useful, and necessary."[32] In the case before this Court, Defendant argues Plaintiff has not shown any underlying circumstances that necessitated a technician or that showed that the

---

[24] *Id.*
[25] *Id.* at pp. 4-5.
[26] *Id.*
[27] No. CIV.A. 05-0224, 2009 WL 4020563, at *5 (E.D. La. Nov. 17, 2009).
[28] R. Doc. 218 at 4.
[29] 2012 WL 13001308 at *3. (E.D. La. Oct. 15, 2012).
[30] R. Doc. 218 at pp. 4.
[31] *Id.* at pp. 4-5 (citing *Crane v. Rave Rest. Grp., Inc.*, 2022 WL 403291, at *13 (E.D. Tex. Feb. 9, 2022), *vacated*, No. 21-40880, 2023 WL 3735567 (5th Cir. May 31, 2023)).
[32] *Id.*

technician's services saved costs or were "anticipated, useful, and necessary."[33] Defendant argues that the $11,841.19 for the technician's services should be omitted from Plaintiff's recoverable costs.[34]

## LAW AND ANALYSIS

### I. The Court in its discretion will award deposition costs.

This Court will grant Plaintiff's $24,039 in deposition costs over Defendant's objection. The prevailing party bears the burden to demonstrate the necessity of costs and reasonableness of the amount it seeks to recover.[35] When a prevailing party is entitled to costs, the scope of that award is controlled by 28 U.S.C. § 1920. The statute instructs in relevant part that: "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[36] In determining whether deposition costs are taxable under 28 U.S.C. § 1920, courts look as to whether the deposition or copy was "reasonably expected to be used for trial or trial preparation."[37] Furthermore, "whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion," and there is "great latitude in this determination."[38]

In the instant case, Plaintiff argues that deposition transcripts of all deponents and applicable video recordings were necessary to prepare trial strategy and to plan for the possibility that certain witnesses could not be subpoenaed or would not be able to attend

---

[33] *Id.* at p. 5.
[34] *Id.*
[35] *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).
[36] 28 U.S.C. § 1920.
[37] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991)).
[38] *Id.*

trial.[39] This Court has examined each deposition cost submitted by Plaintiff and finds this explanation by Plaintiff reasonable.[40] Although many of the depositions, whether in transcript or video form, were not used at trial, depositions "need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case'" under 28 U.S.C. § 1920.[41] It is clear Plaintiff's counsel did not obtain depositions of these witnesses merely for convenience or for discovery purposes only, but in order to prepare appropriately for an extensive and complex trial such as this one. Moreover, sister courts in the Fifth Circuit have looked at the potential problems with the availability of deponent witnesses in determining whether to grant deposition costs. In *Allstate Ins. Co. v. Plambeck*, the court found videotaped depositions to be "necessarily obtained" for § 1920 purposes because the plaintiffs in that case reasonable expected that the deponents might not be available to testify or be within the Court's subpoena power.[42] In this case, Plaintiff explicitly invokes the possibility that certain witnesses could not be subpoenaed or would not be able to appear at trial as an additional reason why its deposition costs were necessarily obtained.[43] The Court also finds Plaintiff's expectation of this possibility reasonable in this case. For these reasons, this Court will award Plaintiff $24,039.28 in deposition costs over Defendant's objection.

---

[39] R. Doc. 217 at pp. 5-6.
[40] R. Doc. 217-4.
[41] *Long*, 807 F.3d at 130 (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.*), 920 F.2d 278, 285-86 (5th Cir. 1991)).
[42] 66 F. Supp. 3d 782, 791 (N.D. Tex. 2014) ("Given the nature of this litigation and the possibility that individual defendants might not appear at trial or be within the Court's subpoena power, the undersigned finds that Plaintiffs reasonably expected, at the time the depositions were taken, that Plambeck, Capobianco, Giessner, and Grindstaff might not be available to testify and that the video deposition would be used at trial. Accordingly, these videotaped depositions were necessarily obtained for use in the case.").
[43] R. Doc. 217 at pp. 4-5.

## II. The Court for similar reasons will award trial technician costs.

This Court also will grant, over Defendant's objection, Plaintiff's $11,841.19 costs incurred in retaining a trial technician's services. The prevailing party bears the burden of demonstrating the necessity of costs and reasonableness of the amount it seeks to recover.[44] When a prevailing party is entitled to costs, the scope of that award is controlled by 28 U.S.C. § 1920. The statute instructs in relevant part that: "A judge or clerk of any court of the United States may tax as costs the following: . . . (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[45]

The Court's broad discretion in taxing costs is limited by the provisions of 28 U.S.C. § 1920.[46] District courts in the Fifth Circuit routinely have granted costs for trial technician's services under 28 U.S.C. § 1920(4).[47] In *Contogouris v. WestPac Res., LLC*, the district court granted costs incurred by hiring a trial technician "who prepared all exhibits for use at the trial by enabling those exhibits to be instantly enlarged and presented to jurors on their individual monitors and through the Court's projection screen."[48] Examining the services rendered by the trial technician in this case, the Court notes that the trial technician also performed a similar, if not the same, function of carefully preparing exhibits for trial and helping with the projection of such exhibits at trial itself.[49] While Defendant argues the Court in *Contogoris* made a specific finding that

---

[44] *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).
[45] 28 U.S.C. § 1920.
[46] *Contogouris v. WestPac Res., LLC*, No. CV 10-4609, 2012 WL 13001308, at *1 (E.D. La. Oct. 15, 2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41 (1987); *Hall v. State Farm Fire & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991)).
[47] *See id.* at *3 (collecting cases).
[48] *Id.*
[49] R. Doc. 217-6.

employing a trial technician saved $15,000 in taxable costs,[50] this is not a material difference in this case. Although a trial technician's fees cannot be unreasonable, it is enough to show a trial technician prepared exhibits for exemplification at trial, per the statutory language of 28 U.S.C. § 1920(4). This holds especially true when the litigation is extensive and complex like this one, and where the use of technology support is "an anticipated, useful, and necessary tool to assist in the efficient presentation of cases."[51] Defendant asserts Plaintiff has not shown how the trial technician's services were "anticipated, useful, and necessary,"[52] but this Court agrees with Plaintiff that the trial technician in this case ensured the seamless presentation of evidence to the jury by displaying exhibits, blowing up portions, of exhibits annotating documents, and putting documents on display.[53] Lastly, Defendant points out that the use of technical support was not explicitly authorized in this case's pretrial order.[54] However, other district courts have allowed costs of visual professional services even if not authorized by a pretrial order so long as such services were "anticipated, useful, and necessary."[55] As discussed above, Plaintiff has demonstrated that the hiring of a trial technician was "anticipated, useful and necessary," because it allowed for the seamless presentation of evidence to the jury by displaying exhibits. Thus, Plaintiff can recover "fees for exemplification" under 28 U.S.C. § 1920(4).

---

[50] *Contogouris*, No. CV 10-4609, 2012 WL 13001308, at *3.
[51] *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 WL 4591893, at *3 (E.D. Tex. Sept. 30, 2011).
[52] R. Doc. 218 at pp. 4-5 (citing *Crane v. Rave Rest. Grp., Inc.*, 2022 WL 403291, at *13 (E.D. Tex. Feb. 9, 2022), *vacated*, No. 21-40880, 2023 WL 3735567 (5th Cir. May 31, 2023)).
[53] R. Doc. 217 at p. 10.
[54] R. Doc. 218 at p. 4 (citing *Pioneer Nat. Res. USA, Inc. v. Diamond Offshore Drilling, Inc.* No. CIV.A. 05-0224, 2009 WL 4020563, at *5 (E.D. La. Nov. 17, 2009); *see also* R. Doc. 159 (detailing the pretrial order).
[55] *Crane v. Rave Rest. Grp., Inc.*, 2022 WL 403291, at *13 (E.D. Tex. Feb. 9, 2022), *vacated*, No. 21-40880, 2023 WL 3735567 (5th Cir. May 31, 2023).

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees and costs for Record Document 176 is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff is awarded attorneys' fees and costs in the following amounts:

(1) $509,801 for attorneys' fees.

(2) $47,402.68 in costs under 28 U.S.C. § 1920, including:

a) $1,655 in filing fees and fees for service of process;

b) $24,039.28 in deposition costs;

c) $5,155.35 in printing costs;

d) $311.86 in witness attendance fees;

e) $4,400 for the video deposition of Church Mutual's 30(b)(6) witnessed; and

f) $11,841.19 in the hiring of a trial technician's services.

**New Orleans, Louisiana, this 15th day of October, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**